NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

VERNE LESLIE WATSON, *Petitioner.*

No. 1 CA-CR 13-0661 PRPC

FILED 3-12-2015

Appeal from the Superior Court in Maricopa County
No. CR2003-040008-001 SE
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Mary L. Harriss
*Counsel for Respondent*

Joe Saienni, PC, Phoenix
By Joe Saienni
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y,** Judge:

**¶1**      Petitioner Verne Leslie Watson petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**      A jury convicted Watson of molestation of a child and he was sentenced to fifteen years' imprisonment. We affirmed Watson's conviction and sentence on direct appeal. *State v. Watson*, 1 CA-CR 06-0075 (Ariz. App. Jul. 10, 2007) (mem. decision). Watson filed his first petition for post-conviction relief in May 2008 and, after briefing, his petition was dismissed in a comprehensive minute entry in October 2008. This court denied relief in December 2009.

**¶3**      Watson filed this petition for post-conviction relief, his second, in February 2013. The trial court summarily dismissed the petition in March 2013. Watson now seeks review of the summary dismissal of his second petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶4**      Watson contends his appellate lawyer on direct appeal, as well as the lawyer in his first post-conviction relief proceeding, were ineffective when they failed "to present federal claims in a procedurally correct manner thereby exhausting state court remedies to permit Mr. Watson to Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254." Specifically, during his direct appeal, Watson submitted a supplemental brief and argued that the trial court erred when it excluded evidence that prior charges admitted as "propensity evidence" pursuant to Arizona Rule of Evidence 404(c) were ultimately dismissed. As a result, Watson argues his appellate counsel was ineffective when he failed to challenge the ruling based on state law and failed to present federal grounds for relief on the issue.

**¶5**        In his first petition for post-conviction relief, Watson argued the State failed to disclose, among other things, that the detective who investigated the offense was the subject of a pending investigation. The investigation concerned the detective's honesty in general, as well as the manner the detective investigated and managed cases involving sexual offenses. The investigation also addressed the detective's apparent mishandling of evidence in those cases. Watson argued the State also failed to disclose that the detective, who was no longer a detective, had been involuntarily reassigned to other duties, which he also apparently failed to perform to satisfaction. Watson argues his first post-conviction relief counsel was ineffective when she failed to present federal grounds for relief on these issues in addition to the grounds she presented based on state law.

**¶6**        Watson's direct appeal became final in May 2008, and we denied review of the dismissal of his first post-conviction relief proceeding in December 2009. If Watson wished to challenge the effectiveness of his appellate and first post-conviction relief counsel, he had to do so by timely filing a petition in accordance with Arizona Rule of Criminal Procedure 32.4(a). Watson offers no explanation for why he did not raise these issues in a timely manner, and he does not allege that any exception to the deadlines applies. Accordingly, we deny relief.

**¶7**        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama